

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

November 6, 2024

The Honorable Robert Kirsch
U.S. District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

The Honorable James B. Clark, III
U.S. Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    United States v. Frank Michael Monte, 19-cr-821-CCC

Dear Judges Kirsch and Clark:

    The Government writes to correct information previously provided to this Court in this matter, and to reiterate its continued request for the detention of the Defendant, Frank Monte, notwithstanding this correction.

    On October 25, 2024, the United States Probation Office ("Probation") submitted a petition to Judge Cecchi—who presided over this matter at the time—for a violation of supervised release. *See* Doc. No. 70. Judge Cecchi allowed the petition and issued a warrant for Monte's arrest. On October 30, 2024, the United States Marshals Service ("USMS') executed that warrant, arresting Monte in the morning and bringing Monte to the Newark courthouse for his initial appearance.

    While detained in the cellblock inside the Newark courthouse, Monte became extremely agitated, requiring his initial appearance to be moved earlier in the day. Specifically:

- USMS observed Monte pacing back and forth in his cell, speaking extremely loudly and banging on the cell doors with his fists.

- At one point, USMS informed Monte that "Attorney-1," who had previously served as Monte's standby counsel, would likely come to the cellblock to

    speak with Monte before the initial appearance.  In response, Monte stated, in sum and substance, that if Attorney-1 came down to the cellblock, USMS would have to do a lot more paperwork.  Monte also stated, in sum and substance, that Attorney-1 needs to die and hang himself.  Monte repeated these statements multiple times to USMS personnel.

- Monte also repeatedly stated to USMS, in sum and substance, that if the right thing is done, Monte would go to Paterson, New Jersey, kill the people responsible for a 2020 attack on a U.S. District Judge of this Court, and bring their dead bodies to the doorstep.

- At a certain point, USMS moved Monte to a different cell.  After that, Monte stated to USMS multiple times, in sum and substance, that his favorite round of choice is a .40 caliber 220 grain round with mercury in the tip.  Monte asked USMS personnel whether they had ever seen what such a round could do to somebody.

- After Judge Clark ordered Monte detained, and as Monte was being escorted from the courtroom by USMS, Monte yelled belligerent and profane comments at the undersigned Assistant U.S. Attorney and the assigned U.S. Probation Officer.

    During Monte's initial appearance that day, the Government requested that Monte be detained.  The undersigned Assistant U.S. Attorney placed the above information on the record, having received it from USMS through the assigned U.S. Probation Officer.  The undersigned Assistant U.S. Attorney also placed on the record an additional allegation: that Monte, in the cellblock that morning, had stated that he had additional guns that law enforcement did not know about.

    After further investigation following Monte's initial appearance, it was determined by USMS that Monte had not actually made that statement that morning.  Instead, Monte had indeed made that statement previously, but it was passed to the undersigned Assistant U.S. Attorney on the morning of October 30 under the misunderstanding that Monte had made that statement that morning.  Specifically, in August 2007, law enforcement in Florida received a compact disc of recordings of threatening telephone calls Monte had placed to a particular victim.  In those recordings, and among other things, Monte said: "You tell them that they missed a few fucking weapons.  I'll never give up all my weapons.  You tell them if they want them, they have to take them out of my dead fucking hands."  PSR ¶ 84.

- 3 -

Notwithstanding this correction, the Government stands by its request that Monte remain detained pending adjudication of the alleged violation of supervised release. It is Monte's burden to show, by clear and convincing evidence, that he "will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6). Monte's conduct and statements during the morning of October 30, combined with Monte's underlying offense conduct and history, make clear that Monte cannot meet this burden.

        Respectfully submitted,

        PHILIP R. SELLINGER
        UNITED STATES ATTORNEY

        */s/ Andrew M. Trombly*

By:    Andrew M. Trombly
        Assistant U.S. Attorney