UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 19-CR-821(RK) |
| FRANK MICHAEL MONTE | **MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court on Defendant Frank Michael Monte's ("Monte") motion to vacate judgment and sentence. (ECF No. 251.) For the reasons explained below, that motion is **DENIED** to the extent Monte seeks mandamus relief to set aside his conviction or sentence. At this time, the Court notifies Monte that it intends to reconstrue his motion for mandamus relief as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and provides him with 30 days to withdraw or amend the motion to contain all the § 2255 claims he wishes to bring.

Monte was charged in a five-Count indictment with violations of 18 U.S.C. § 115(a)(1)(B) (Threats Against a Federal Law Enforcement Officer (Counts I, II and IV)) and 18 U.S.C. § 875(c) (Threats in Interstate Commerce (Counts III and V)). (*See* ECF No. 8.) On March 7, 2022, a jury found Monte guilty on all five Counts of the Indictment. (*See* ECF No. 221.) On November 21, 2022, the Court sentenced Defendant to 57 months imprisonment on each of Counts I through V, with terms to run concurrently, followed by three years of supervised release.[1] (*See* ECF No. 247.)

---

[1] Monte's supervision commenced on July 19, 2024. (ECF No. 270 at 1.) A final hearing for revocation of Monte's supervised release is pending, however, based on his failure to sign the

On April 2, 2024, Monte filed the instant motion to vacate judgment and sentence and alleges that jurisdiction arises under "28 U.S.C. § 1331(a) (Federal Question), 28 U.S.C. § 1651(a) (All Writs Act, and 28 U.S.C. § 1361 (Mandamus)," among other statutes. (*See* ECF No. 251 at 1.) Monte further alleges that it would be futile for him to file a motion under 28 U.S.C. § 2255 because the one-year period for filing a motion under § 2255(f)(1) has expired. (*See id.* at n.1.) The government responded to the motion on September 20, 2024; it construes Monte's submission as his first motion under § 2255 and asks the Court to deny the motion as time barred and procedurally defaulted. (ECF No. 266.)

The Court first addresses whether Monte must proceed under § 2255 or whether there is an alternate basis for jurisdiction. "[A] motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence." *See In re Platts*, 594 F. App'x 59, 60 (3d Cir. 2015) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). Although Monte's § 2255 motion may be time barred, he may not use federal question or mandamus jurisdiction as a substitute for 28 U.S.C. § 2255.[2] *See In re Briscoe*, 448 F.3d 201, 212 (3d Cir.

---

Judgment of Conviction and refusal to participate in certain special conditions of his supervised release. (ECF Nos. 270, 276.) The Court recently appointed stand by counsel for that proceeding. (ECF No. 279.)

[2] Federal question jurisdiction under 28 U.S.C. § 1331(a) exists where an issue of federal law "appears upon the face of the complaint." *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445–46 (3d Cir. 2003). Pursuant to 28 U.S.C. § 1361, "[t]he district courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Authority to issue a writ of mandamus is bestowed by the All Writs Act, 28 U.S.C. § 1651(a). *See Mitchell v. United States*, 419 F. Supp.2d 709, 712 (W.D. Pa. 2005). Mandamus, however, is an extraordinary remedy. *See Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). The Court notes that even if Monte could bring a mandamus petition to challenge his conviction or sentence, he fails to meet the narrow standard for mandamus relief,

2006) (criminal defendant may not use a mandamus petition as a substitute for the appeals process); *In re Platts*, 594 F. App'x at 60 (denying mandamus petition "without further discussion" where petitioner sought to use mandamus as a vehicle for setting aside his conviction); *In re Adderly*, 558 F. App'x 275, 277 (3d Cir. 2014) (explaining that "federal question jurisdictional statute, 28 U.S.C. § 1331, did not supply an independent basis for jurisdiction over [petitioner's] collateral attack" on his sentence). For these reasons, the Court denies Monte's motion to the extent he seeks mandamus or other declaratory relief to set aside his conviction or sentence.

The government asks the Court to recharacterize Monte's motion as his first § 2255 motion and dismiss it as time barred or procedurally defaulted. The Court does not reach these issues at this time. Instead, Court notifies Monte that it intends to reconstrue his motion for mandamus relief as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and provides him with 30 days to withdraw or amend the motion to contain all the § 2255 claims he wishes to bring.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts a petitioner's ability to file subsequent § 2255 motions. *See Castro v. U.S.*, 540 U.S. 375, 381-83 (2003). Before recharacterizing a pro se litigant's motion as a first § 2255 motion, "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383; *see also United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) (explaining that district courts

---

as he has not shown that he has no adequate means to obtain relief or that his right to the writ is clear and undisputable.

must first take certain "prophylactic measures" before recharacterizing a pro se petitioner's post-conviction motion as a § 2255 motion). At this time, Monte has three options and must elect one of the following within 30 days: 1) withdraw his § 2255 motion; 2) proceed on the claims in his current § 2255 motion; or 3) submit an amended § 2255 motion that includes all the claims he wishes to bring.

If Monte does not withdraw his motion and elects either to proceed on the claims in his current motion or submit an amended motion, he must comply with Local Civil Rule 81.2(a), which requires him to submit his motion or amended motion on the correct form. The Court will direct the Clerk of the Court to send Monte the appropriate form, which he must complete and return within 30 days.[3]

Finally, as the government argues and Monte acknowledges, his motion, which is dated March 27, 2024 (ECF No. 251 at 6), appears untimely under 28 U.S.C. § 2255(f). To receive the benefit of equitable tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). If Monte does not withdraw his § 2255 motion, he should provide all the facts in support of equitable tolling that he wishes the Court to consider.

An appropriate Order follows.

_____
ROBERT KIRSCH
United States District Judge

---

[3] Monte applied to proceed *in forma pauperis*, but there is no fee associated with a § 2255 motion.