NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANK MICHAEL MONTE | Crim. No. 19-821 (RK)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Defendant Frank Michael Monte's ("Monte" or "Defendant") motion to "correct illegal sentence." (ECF No. 285.) For the reasons set forth below, that motion is **DENIED** to the extent Monte seeks relief pursuant to Federal Rule of Civil Procedure ("Civil Rule") 60. At this time, the Court notifies Monte that it intends to reconstrue his motion for relief pursuant to Civil Rule 60 as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and provides him with 30 days to withdraw or amend the motion to contain all the § 2255 claims he wishes to bring.

In November 2019, Monte was charged in a five-Count indictment with violations of 18 U.S.C. § 115(a)(1)(B) (Threats Against a Federal Law Enforcement Officer (Counts I, II and IV)) and 18 U.S.C. § 875(c) (Threats in Interstate Commerce (Counts III and V)). (*See* ECF No. 8.) On March 7, 2022, a jury found Monte guilty on all five Counts. (*See* ECF No. 221.) On November 21, 2022, the Court sentenced Defendant to 57 months imprisonment on each Count, with terms to run concurrently, followed by three years of supervised release. (*See* ECF No. 247.) This was not Defendant's first term of imprisonment; in 2008, Monte was sentenced to five years' imprisonment for an aggravated stalking in Broward County, Florida. (*See* ECF No. 242 at 15.)

Monte's supervision commenced on July 19, 2024. (ECF No. 270 at 1.) On October 25, 2024, a warrant was issued for Monte's arrest based on four charges of alleged noncompliance

with his supervised release. (ECF Nos. 270, 271.) The Government asserted that Monte (1) refused to participate in mental health counseling, (2) refused to sign his Judgment of Conviction, (3) repeatedly called judicial chambers in violation of explicit instruction to the contrary, and (4) refused to make payments toward his special assessment. (ECF No. 270 at 2–3.) At a hearing on December 16, 2024, the Court found Monte in violation of his supervised release for refusing to participate in mental health counseling, revoked Monte's period of supervised release, and sentenced him to five consecutive four-month terms of imprisonment—twenty months total. (ECF No. 284 at 2.)[1] Monte was also sentenced to 16 months of supervised release following his term of imprisonment. (*Id.* at 3.)

On February 28, 2025, Monte filed the instant "motion to correct illegal sentence." (ECF No. 285.) Invoking Civil Rule 60(a), Civil Rule 60(b)(6), the Due Process Clause of the Fifth Amendment, and "[t]he Court's inherent 'equitable power,'" Monte argues that the imposition of a consecutive sentence is "clear legal error that warrants reversal or correction." (*Id.* at 1–2 (cleaned up).) The Government responded on April 4, 2025 whereby it asks the Court to recharacterize Monte's motion as an application under 28 U.S.C. § 2255. (ECF No. 288.) Monte subsequently filed a "First Amendment [sic] Motion to Correct Illegal Sentence," which purports

---

[1] The Court is cognizant of the Supreme Court's recent decision in *Esteras v. United States*, which held that "[d]istrict courts cannot consider § 3553(a)(2)(A) when revoking supervised release." No. 23-7483, 2025 WL 1716137, at *6 (June 20, 2025). Because the Supreme Court's decision post-dates Monte's revocation of supervised release and does not apply retroactively, it has no bearing on this Court's Opinion. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." (quotations omitted)). Nonetheless, even assuming *arguendo* that *Esteras* does apply retroactively, the record is clear that the Court did not consider § 3553(a)(2)(A) when revoking Monte's supervised release. (*See* Hearing Transcript at 83:6–25 (enumerating and considering §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), and (a)(4)).)

to provide new statutory bases to correct his sentence "in response" to the Government's opposition. (ECF No. 289.)[2]

The Court first addresses whether Monte must proceed under § 2255 or whether there is an alternate basis such a motion. "[A] motion filed pursuant to 28 U.S.C. § 2255 is the presumptive means to challenge the validity of a conviction or sentence." *See In re Platts*, 594 F. App'x 59, 60 (3d Cir. 2015) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)); *United States v. Clark*, 671 F. App'x 25, 26 (3d Cir. 2016) (per curiam) (claim challenging the legality of sentence for violation of supervised release "would be properly brought in a motion filed pursuant to 28 U.S.C. § 2255"). Although Monte invokes Civil Rule 60 in his motion, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010). His invocation of Civil Rule 60(a) for the Court's "*sua sponte*" power is equally inapplicable. *United States v. Lebron*, 598 F. App'x 817, 817–18 (3d Cir. 2015) ("[C]ivil Rule 60 simply does not apply in criminal proceedings.").[3] Indeed, Monte did not mention § 2255 in his motion, let alone argue that such an application would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In his Amended Motion, Monte sets forth additional bases to "correct [his] illegal sentence": 18 U.S.C. §§ 3553(a), 3583(b)(2), (d)(2), and (e)(2). (ECF No. 289 at 1–2.) But courts routinely reject attempts by defendants to correct their sentences under these statutory provisions,

---

[2] The Motion appears to have been inadvertently filed twice. (*See* ECF Nos. 289, 290.) The underlying documents are identical.

[3] The criminal corollary to Civil Rule 60(a), which allows for the correction of a "clerical mistake" or "mistake arising from oversight or omission," Fed R. Civ. P. 60(a), is Federal Rule of Criminal Procedure 35. *See* Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). Monte's time to file a motion under Fed. R. Crim. P. 35(a) has expired, and the Court is without jurisdiction to correct his sentence pursuant to that Rule. *See United States v. Washington*, 549 F.3d 905, 916 (3d Cir. 2008).

instead requiring them to properly proceed under § 2255. *See, e.g., United States v. Pressley*, No. 11-262, 2015 WL 4378379, at *3 (E.D. Pa. July 15, 2015) ("In as much as [the defendant] was attempting to collaterally attack his original sentence through his [18 U.S.C. § 3583(e) motion] . . . he should have presented those arguments in a motion for habeas relief under 28 U.S.C. § 2255." (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999))); *Kirksey v. Samuels*, No. 06-477, 2006 WL 1207977, at *2 (D.N.J. Apr. 28, 2006) (requiring a motion seeking to correct sentence under § 3583 to be brought under § 2255), *aff'd* 235 F. App'x 949, 950–51 (3d Cir. 2007); *United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009) (requiring a motion under § 3553(a) to be brought under § 2255). For these reasons, the Court denies Monte's motions to the extent he seeks any basis other than § 2255 to set aside his conviction or sentence.

Although the Government argues that Monte's motion is procedurally barred and meritless, the Court does not reach these issues at this time. Instead, the Court notifies Monte that it intends to reconstrue his motion as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and provides him with 30 days to withdraw or amend the motion to contain all the § 2255 claims he wishes to bring.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts a petitioner's ability to file subsequent § 2255 motions. *See Castro v. U.S.*, 540 U.S. 375, 381–83 (2003). Before recharacterizing a *pro se* litigant's motion as a first § 2255 motion, "the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 383; *see also United States v. Miller*, 197 F.3d 644, 646 (3d Cir. 1999) (explaining that district courts

4

must first take certain "prophylactic measures" before recharacterizing a *pro se* petitioner's post-conviction motion as a § 2255 motion). At this time, Monte has three options and must elect one of the following within 30 days: (1) withdraw his § 2255 motion; (2) proceed on the claims in his current § 2255 motion; or (3) submit an amended § 2255 motion that includes all the claims he wishes to bring.

If Monte does not withdraw his motion and elects either to proceed on the claims in his current motion or submit an amended motion, he must comply with Local Rule 81.2(a), which requires him to submit his motion or amended motion on the correct form. The Court will direct the Clerk of the Court to send Monte the appropriate form, which he must complete and return within 30 days.

Finally, the Court addresses Monte's prior motion to vacate his sentence, filed on April 2, 2024. (*See* ECF No. 251.) In an Order dated December 6, 2024, the Court similarly announced its intention to reconstrue his motion pursuant to § 2255 and directed Monte to elect one of the three options enumerated above "within 30 days of the date of [the] Order." (ECF No. 281.) More than six months has passed from the date of that Order. Accordingly, the Court considers Monte's prior motion (ECF No. 251) withdrawn.

An appropriate Order follows.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: June 27, 2025